CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 17 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CRISTOBAL HERNANDEZ HERNANDEZ, )<br>Petitioner, ) | Civil Action No. 7:06-cv-00293 |
| v. ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, )<br>Respondent. ) | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Cristobal Hernandez Hernandez, an inmate proceeding pro se, wrote a letter to the court, complaining that officials of the Bureau of Prisons have forced him to sign a contract agreeing to pay a $1000 fine that Hernandez does not believe was imposed on him by this court in his criminal case, Case No. 4:00-cr-70113-002. Court records reflect, however, that Hernandez was sentenced to pay a $1000 fine in this case, in addition to a $100.00 assessment. Hernandez also appears to be complaining about the manner in which the Bureau of Prisons is collecting his fine. Because this claim concerns the execution of his sentence, the court construed and filed his letter/motion as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Upon consideration of the record and the petition, however, the court must dismiss the action for lack of jurisdiction.

Any challenge to the Bureau of Prisons' implementation of the sentence may be raised in a 28 U.S.C. § 2241 (2000) petition after exhaustion of administrative remedies. See UnitedStates v. Wilson, 503 U.S. 329, 333-35 (1992); Randall v. Whelan, 938 F.2d 522, 524 n. 2 (4th Cir.1991). A § 2241 petition must be filed in the district court with jurisdiction over the facility in which petitioner is confined. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

1

Under these principles, this court has no jurisdiction to address Hernandez's concerns about the collection of his fine. First, he is not confined within the jurisdiction of this court, as he is currently housed at an institution in North Carolina. He must file his § 2241 claims in the appropriate United States District Court in that state. Second, it does not appear from Hernandez's pleading that he has attempted to utilize the proper BOP procedures to challenge the collection of his fine. Until he has exhausted such administrative remedies, no court has jurisdiction to address his sentence calculation claims. Based on the foregoing, the court will dismiss his petition without prejudice for lack of jurisdiction. An appropriate order shall be issued this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 17th day of May, 2006.

*/s/ James C. Turk*
Senior United States District Judge

2